UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 01 2012
J T NOBLIN CLERK
BY_____ DEPUTY

United States of America for the use of
C & P Staffing Group, LLC                                          Plaintiff

vs.                                                Case No. 1:12cv139 LG-JMR

Northwind, Inc.; and
National Union Fire Insurance Company of Pittsburgh, PA; and
Bulldog Constructors, Inc.; and                                    Defendants
Ohio Casualty Insurance Company; and
Larry Dollar d/b/a Larry Dollar Construction Services

## COMPLAINT

COMES NOW, United States of America for the use of C & P Staffing Group, LLC, by and through its counsel, Henley, Lotterhos & Henley, PLLC, and files this Complaint against the defendants, Northwind, Inc, National Union Fire Insurance Company of Pittsburgh, PA, Bulldog Constructors, Inc., Ohio Casualty Insurance Company, and Larry Dollar Construction Services, and for cause of action would respectfully allege as follows:

### NATURE OF THE ACTIONS

I.

C & P Staffing Group, LLC provided wages and labor services and supplied labor to a federal government construction project. C & P Staffing Group, LLC has not been paid for said services and/or labor and brings this action against the contractor and surety for said project to collect said indebtedness pursuant to the Miller Act, or in the alternative pursuant to relevant state statutes.

PARTIES

II.

C & P Staffing Group, LLC, referred to herein as "Use Plaintiff", is a limited liability company organized and existing under the laws of the state of Alabama, with its principal place of business at 3709 Lakeside Dr, Suite D, Mobile, AL 36693. Use Plaintiff is a staffing company engaged primarily in staffing and wage services for commercial and marine contractors, among other services.

III.

Defendant, Northwind, Inc., hereinafter referred to as "Defendant Prime Contractor", is a corporation organized and existing under the laws of the state of Alaska, with its principal place of business at 1425 Higham St, Idaho Falls, ID 83405. Defendant Prime Contractor may be served with process by serving its registered agent, Bruce Anders at 2525 C Street, Suite 500, Anchorage, AK 99503.

IV.

Defendant, National Union Fire Insurance Company of Pittsburgh, PA, hereinafter referred to as "Defendant Surety of Prime", is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 175 Water St, New York, NY 10038. Defendant Prime Surety may be served with process by serving its registered agent, Corporation Service Company, 2704 Commerce Drive Harrisburg, PA 17110.

V.

Defendant, Bulldog Constructors, Inc., hereinafter referred to as "Defendant General Contractor" is a corporation organized and existing under the laws of the state of Texas, with its

principal place of business at 600 Pecan St., Abilene, TX, 79602. Defendant may be served with process by serving Mack Jones, 600 Pecan St, Abilene, TX, 79602.

VI.

Defendant, Ohio Casualty Insurance Company, hereinafter referred to as "Defendant Surety of General", is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business at 9450 Steward Road, Fairfield, OH 45014. Defendant General Surety may be served with process by serving its registered agent, Corporation Service Company, 50 W. Broad Street, Ste. 1800, Columbus, OH 43215.

VII.

Defendant, Larry Dollar d/b/a Larry Dollar Construction Services, hereinafter referred to as Defendant Subcontractor, is an individual doing business in the State of Mississippi. Defendant Subcontractor may be served by serving Larry Dollar at 773 Mallie Place, Diamondhead, MS 39525.

JURISDICTION AND VENUE

VIII.

This court has jurisdiction of this action under 40 U.S.C.A §3131-3134.

IX.

Venue is proper as the construction project where plaintiff provided services was location in Harrison County, Mississippi.

FACTS

XI.

On or about June 23, 2010, Defendant Prime Contractor was awarded the bid as prime contractor for the United States of America for the design and construction of an indoor small

arms range at Keesler Air Force Base in Biloxi, MS, being contract no. N6945010C0756, in the amount of $5,328,543.00, herein sometimes referred to as the "Project".

XII.

On or about June 23, 2010, Defendant Prime Contractor and Defendant Surety of Prime, duly executed and delivered to the United State of America a payment bond for the protection of all persons supplying labor, materials or services in the prosecution for the work provided for in said contract. Said bond was executed in accordance with the provisions of 40 U.S.C.A. §3131 in the sum of $5,328,543.00, a copy which is attached here as Exhibit "A".

XIII.

Defendant General Contractor became the general contractor on behalf of Defendant Prime Contractor on the Project. Upon information and belief, Defendant General Contractor and Defendant Surety of General executed a payment bond for the protection of all persons providing labor, materials and services in the prosecution of work on the above named contract.

XIV.

On or about February 28, 2011, the Defendant General Contractor, Defendant Subcontractor and Use Plaintiff, entered into a contract for staffing services, a copy of which is attached here as Exhibit "B". Defendants General Contractor and Defendant Subcontractor agreed to pay for said service and although demand has been made, a balance remains due and owing.

XV.

On or about March 16, 2011, Defendant Subcontractor entered into a contract with plaintiff, whereby plaintiff would provide staffing services as described in the document attached

here as Exhibit "C". Defendant subcontractor agreed to pay for staffing services provided by Use Plaintiff and although demand has been made, a balance remains due and owing.

### XVI.

Services provided by Use Plaintiff to Defendant General Contractor and Defendant Subcontractor were used in the prosecution of work provided for under a contract no. N6945010C0756, the Project.

### XVII.

All services provided to Defendant Subcontractor and Defendant General Contractor were invoiced and said invoices remain unpaid in the principal amount of $49, 636.00, plus all lawful interest thereon, as well as reasonable attorney fees, hereinafter referred to as "Indebtedness". A statement of account is attached here as Exhibit D. Said Indebtedness remains unpaid although demand has been made.

### XVIII.

More than ninety (90) days has elapsed since the date on which the Use Plaintiff supplied labor services to the Defendants, and Use Plaintiff has not been paid in full for said services.

### XIX.

Use Plaintiff has complied with all the provisions of 40 U.S.C.A. §3133.

### XX.

Where required, Use Plaintiff has notified Defendant Surety for Prime, as shown by Exhibit "E" attached hereto and incorporated herein.

### XXII.

Defendant Surety for Prime has become liable to Use Plaintiff for said Indebtedness pursuant to the Miller Act, 40 U.S.C.A. §3131 et seq., and/or the terms of the surety bond,

Exhibit "A". Use Plaintiff has made demand on Defendant Surety for payment under the surety bond. Defendant Surety for Prime has failed to pay said Indebtedness. The Defendant Surety for Prime remains indebted unto Use Plaintiff as shown on Exhibit "D", although said Indebtedness became past due and demand has been made for payment thereof.

XXIII.

Defendant Surety for General has become liable to Use Plaintiff for said Indebtedness pursuant to the Miller Act, 40 U.S.C.A. §3131 et seq., and/or the terms of its surety bond, a copy of which is attached as Exhibit "F". Use Plaintiff has made demand on Defendant Surety for payment under the surety bond. Defendant Surety for Prime has failed to pay said Indebtedness. The Defendant Surety for Prime remains indebted unto Use Plaintiff as shown on Exhibit "D", although said Indebtedness became past due and demand has been made for payment thereof.

XXIV.

Defendant General Contractor has become liable to Use Plaintiff for said Indebtedness pursuant to the terms of its contract with Use Plaintiff. Use Plaintiff has made demand on Defendant General Contractor for payment under the surety bond. Defendant General Contractor has failed to pay said Indebtedness. The Defendant General Contractor remains indebted unto Use Plaintiff as shown on Exhibit "D", although said Indebtedness became past due and demand has been made for payment thereof.

XXV.

Defendant Subcontractor has become liable to Use Plaintiff for said Indebtedness pursuant to the terms of its contract with Use Plaintiff. Use Plaintiff has made demand on Defendant Subcontractor for payment under the surety bond. Defendant Subcontractor has failed to pay said Indebtedness. The Defendant Subcontractor remains indebted unto Use Plaintiff as

shown on Exhibit "D", although said Indebtedness became past due and demand has been made for payment thereof.

WHEREFORE, the United States of America, on behalf of and for the use of C & P Staffing Group, LLC, requests judgment against Defendants, Northwind, Inc., National Union Fire Insurance Company of Pittsburgh, PA, Bulldog Constructors, Inc., Ohio Casualty Insurance Company, and Larry Dollar d/b/a Larry Dollar Construction Services, jointly and severally, for the sum of $49, 636.00, together with lawful interest, court costs, and a reasonable attorney's fee of $9927.20, and for such other and further relief as the court may deem just and proper.

Respectfully submitted,

_____
Keri S. Henley, MSB # 101770
Attorney for C & P Staffing Group, LLC

Henley, Lotterhos & Henley, PLLC
P.O. Box 389
Jackson, MS 39205
(601) 948-5131
(601) 353-4633 Fax
khenley@henleyfirm.com